**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BC TECHNOLOGIES COMPANY d/b/a FINALFORMS, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | *ELECTRONICALLY FILED* |
| BRIAN GATES, JULIA GILLIAM, and N.G., a minor, | ) ) ) ) | |
| Defendants. | ) ) | |

**<u>VERIFIED COMPLAINT</u>**

Plaintiff BC Technologies Company d/b/a FinalForms ("Plaintiff" or "FinalForms"), by and through its undersigned counsel, files this Verified Complaint against Defendants Brian Gates, Julia Gilliam, and N.G., their minor child (collectively, "Defendants"), for N.G.'s unauthorized hacking into the systems of FinalForms and downloading over a thousand students' personally identifiable information ("PII") in violation of the Computer Fraud and Abuse Act.

1. This case involves N.G.'s hacking into FinalForms' systems to obtain and steal the PII stored in its systems by over a thousand users, including sensitive student information housed in its systems. As detailed below, FinalForms was forced to file this lawsuit to preserve the electronic devices used by N.G. and his parents, Brian Gates and Julia Gilliam, so that FinalForms can perform a forensic examination to confirm that the sensitive information stolen by N.G. has been deleted and that any evidence of the theft has been preserved and any electronic device used by N.G. to carry out his illegal acts are not destroyed, including, without limitation, the computer, mobile device, and Vulkan drive.

2. Headquartered in Chagrin Falls, Ohio, FinalForms is an online technology service and product company dedicated to providing schools and school systems with streamlined

registration, communication, and risk management solutions.  As a nationally recognized company with expertise and capabilities in K-12 enrollment, data management, and athletic registration, FinalForms's record of excellence combines the expertise of former teachers, administrators, and coaches to deliver customized solutions to schools and school districts.

3.      FinalForms relies on its comprehensive database of user accounts and information to maintain and grow its business with its current and prospective customer schools.

4.      As FinalForms discovered, N.G. targeted FinalForms in order to access FinalForms's database so that he could download and use the confidential and private information of over a thousand users of FinalForms's platform.

5.      N.G.'s unauthorized access was an intentional, malicious attempt to compromise the integrity of FinalForms's systems and the private information of its users – actions that FinalForms has not yet been able to fully assess and remedy without obtaining possession of the electronic devices N.G. used to carry out his illegal acts.

6.      N.G.'s downloading of FinalForms's highly sensitive personal information of its users and the student profiles associated with its users shows premeditated intent to steal and use FinalForms's sensitive information for the benefit of N.G.

7.      Without obtaining custody of the electronic devices used by N.G. to commit his illegal acts, including, without limitation, the computer, mobile device, Vulkan drive, N.G. and/or his parents could continue to possess, use, and exploit FinalForms's stolen data for their benefit and to the detriment of FinalForms and all of its users impacted by the breach.

8.      FinalForms has suffered and will continue to suffer irreparable harm absent action from this Court.  FinalForms brings this action to (a) protect its customer relationships, marketing investments, goodwill, valuable confidential and proprietary information; (b) prevent Defendants

from possessing and/or using FinalForms's confidential and proprietary user data and information for themselves or any third party; and (c) prohibit Defendants from destroying evidence associated with N.G.'s hack into FinalForms's systems.

## THE PARTIES

9. FinalForms is an Ohio corporation, headquartered in Chagrin Falls, Ohio.

10. Julia Gilliam is an adult individual who, upon information and belief, is a citizen of Ohio. Ms. Gilliam is N.G.'s mother.

11. Brian Gates is an adult individual who, upon information and belief, is a citizen of Ohio. Mr. Gates is N.G.'s father.

12. N.G. is a minor individual who, upon information and belief, is a citizen of Ohio.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this civil action under 28 U.S.C. § 1331 because the case arises under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA").

14. Venue in the Northern District of Ohio is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

15. Based on Defendants' contacts in this District as described herein, it was wholly foreseeable that they would be haled into court in U.S. District Court for the Northern District of Ohio.

## FACTUAL ALLEGATIONS

A. **N.G. Hacks Into the Systems of FinalForms**

16. On May 30, 2025, Griffith Chaffee, FinalForms' Chief Security Officer, observed suspicious activity across several of FinalForms's user accounts, including data exports from

FinalForms's systems originating from a single external proxied internet protocol address ("IP address") that was not associated with FinalForms or any of its customers.

17. Upon further investigation, FinalForms identified a brute force attack on its systems from an outside source that was affecting over 5 million accounts.

18. The attack on FinalForm's online database resulted in the exfiltration of highly sensitive PII data for over 400,000 student accounts accessible through approximately 1,065 compromised staff accounts across a multitude of schools and school systems.

19. With further monitoring, FinalForms was able to determine that the perpetrator was using compromised email/password combinations he obtained from the dark web[1] from other unrelated data breaches.

20. Once that information was obtained, due to the predictable structure of staff email (e.g., john.smith@cityschools.org), the attacker was able to try known compromised combinations across multiple FinalForms installations.

21. Once the attacker gained access to a staff member's account, he would export student data, depending on the staff member's level of access.

22. On May 31, 2025, FinalForms was able to make its first contact with the perpetrator via email.

23. By June 1, 2025, FinalForms's investigation was able to associate the IP address with a perpetrator it determined to be N.G., a 14-year-old Ohio resident, and obtained an initial partial confession along with most of the hacking scripts N.G. used in the attack.

---

[1] "The dark web is the World Wide Web content that exists on darknets (overlay networks) that use the Internet but require specific software, configurations, or authorization to access." *See* https://en.wikipedia.org/wiki/Dark_web (last accessed 6/27/2025).

24. Mr. Chaffee directed N.G. to delete the stolen data from his computer, mobile device, and Vulkan drive which, upon information and belief, is owned by Mr. Gates and Ms. Gilliam.

25. Based upon Mr. Chaffee's observations during the interactive chat, N.G. appeared to delete the stolen data. This, however, cannot be confirmed without forensic examination of the electronic devices involved, including, without limitation, the computer, mobile device, and Vulkan drive.

26. Following FinalForms's containment of the threat to its systems, it proceeded to notify users affected by the data breach and offered solutions to secure users' information.

27. Without obtaining the electronic devices at issue and conducting a thorough forensic examination, FinalForms is unable to ensure that its systems are fully protected and its customer accounts and PII are not compromised.

28. If FinalForms is unable to confirm that the threat to its systems and customer accounts and PII is not completely eliminated, it continues to be exposed to liability and financial damages flowing directly from N.G.'s actions.

29. If N.G., Brian Gates, or Julia Gilliam destroy any electronic device used by N.G. to perpetrate the hack, including, without limitation, the computer, mobile device, or Vulkan drive, FinalForms will be without a remedy to determine conclusively that the threat to its systems and customer accounts and PII has been eliminated.

**B.** **FinalForms Is Entitled To A Temporary Restraining Order And Preliminary And Permanent Injunctive Relief Against Defendants**

30. FinalForms seeks immediate relief in the form of a temporary restraining order and preliminary injunction against Defendants and asks this Court to (a) require the delivery to FinalForms of any electronic device used by N.G. to commit his illegal acts as described herein,

including, without limitation, the computer, mobile device, and Vulkan drive owned by Brian Gates and Julia Gilliam; (b) enjoin Defendants from maintaining, misusing or disclosing FinalForms's confidential and highly sensitive information of its customers and student accounts; and (c) enjoin Defendants from committing any acts that would jeopardize the integrity of FinalForms's systems and cause it further damage and monetary loss.

31.     FinalForms is likely to succeed on the merits of this case because N.G. confessed to using his parents' computer, mobile device, and Vulkan drive to hack FinalForms's data systems without authorization and with the intent to steal FinalForms's data.

32.     The CFAA provides for, *inter alia*, injunctive relief or other equitable relief for violations of the Act.  *See* 18 U.S.C. § 1030(g).

33.     FinalForms's customer relationships, goodwill, business opportunities, and confidential and private information will be irreparably harmed if a temporary restraining order and preliminary and permanent injunction is not entered.

34.     FinalForms will suffer far greater harm if a temporary restraining order and preliminary and permanent injunction are not granted than Defendants will suffer if one is granted. Defendants will suffer no harm but simply be ordered to turn over any electronic device used by N.D. to commit his illegal acts, including, without limitation, their computer, mobile device, and Vulkan drive so that a comprehensive forensic examination can be conducted.

35.     Granting a temporary restraining order and preliminary injunction would serve the public interest.

## COUNT I
## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT
**(All Defendants)**

6

36. FinalForms incorporates by reference the above paragraphs as if fully set forth herein.

37. FinalForms's computer systems were at all relevant times used in interstate commerce and communications and are thus "protected computers" as defined under 18 U.S.C. § 1030(e)(2).

38. FinalForms's online data systems constitute a "computer" as defined in Section 1030(e)(1) of the CFAA because it is "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device[.]"

39. N.G., intentionally and without authorization, accessed FinalForms's systems to manipulate and exfiltrate data from the accounts of over a thousand users. His attempts to access this data were made over 5 million times.

40. In violation of 18 U.S.C. § 1030(a)(4), N.G. deliberately and without authorization accessed FinalForms's computers for the purpose of stealing data of its customers for his own benefit and to the detriment of FinalForms.

41. N.G.'s access of FinalForms's computer systems was unauthorized. N.G. is not affiliated in any way with FinalForms, and he was able to obtain credentials of FinalForms's users only by sourcing information contained on the dark web that was stolen from prior unrelated data breaches to conduct a brute force attack.

42. N.G. recklessly and intentionally caused damage without authorization, and/or intentionally accessed a protected computer without authorization, and as a result of such conduct, caused damage and loss, in violation of 18 U.S.C. § 1030(a)(5)(A)-(C).

43. By reason of the foregoing, FinalForms has been damaged in an amount to be proved at trial, but well in excess of the statutory required minimum of $5,000 in any one-year period. *See* 18 U.S.C. § 1030(a)(4).

44. Mr. Gates and Ms. Gilliam are vicariously liable for the acts of their child N.G.

45. Upon information and belief, Mr. Gates and/or Ms. Gilliam own the electronic devices in questions, including, without limitation, the computer, mobile device, and Vulkan drive that N.G. used to commit the illegal acts as described herein.

46. Upon information and belief, N.G. lives with Ms. Gilliam and/or Mr. Gates.

47. Given these circumstances, N.G.'s parents (1) knew or should have known of their child's particularly reckless tendencies regarding his use of their electronic devices, including, without limitation, the computer, mobile device, and Vulkan drive, and knew or should have known that they needed to exercise control over him; (2) N.G.'s parents had the ability to exercise control; and (3) N.G.'s parents did not or failed to exercise that control.

48. As a direct result of N.G.'s parents' failure to exercise control over their child, FinalForms has suffered irreparable harm and actual damages as set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, FinalForms respectfully prays the Court:

(a) For a judgment in its favor and against Defendants on all claims herein;

(b) For an award of damages in an amount to be determined by the trier of fact, together with pre- and post-judgment interest thereon at the maximum legal rate;

(c) For a temporary restraining order and injunctive relief in the form of an order:

- Requiring Defendants to immediately deliver to a forensic vendor retained by FinalForms any and all electronic devices used by N.G. to hack FinalForms's systems as set forth herein, and any additional device or system that was used to disseminate or access FinalForms's information or on which FinalForms's

information was found, to ensure that any and all confidential and private information are retrieved and permanently removed, and for Defendants to pay for the services of such vendor;

- Requiring Defendants to immediately return and deliver to FinalForms all FinalForms documents, data or property; and

- Prohibiting Defendants from (i) using or disclosing to any person or entity FinalForms's confidential and private information and (ii) possessing any original, copies or summaries of FinalForms's confidential and private information in any form, electronic or otherwise;

(d) For an award of actual and exemplary damages;

(e) That the costs of this action be taxed to Defendants;

(f) For such other and further relief as the Court may deem just and proper.


Dated:  June 30, 2025                    Respectfully submitted,

*/s/ Christopher P. Schueller*
Christopher P. Schueller (OH 0086170)
christopher.schueller@bipc.com
Erin J. McLaughlin (PA 202044)
(*to be admitted Pro Hac Vice*)
erin.mclaughlin@bipc.com
Nicholas J. Bell (PA 307782)
(*to be admitted Pro Hac Vice*)
nicholas.bell@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building, Suite 200
501 Grant Street
Pittsburgh, PA  15219
Telephone: (412) 562-8800
Facsimile: (412) 562-1041
Email:  nicholas.bell@bipc.com

*Attorneys for Plaintiff, BC Technologies Company d/b/a FinalForms*

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BC TECHNOLOGIES COMPANY d/b/a FINALFORMS, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | *ELECTRONICALLY FILED* |
| BRIAN GATES, JULIA GILLIAM, and N.G., a minor, | ) ) ) ) | |
| Defendants. | ) ) | |

## VERIFICATION

I, Griffith Chaffee, Chief Security Officer of BC Technologies Company d/b/a FinalForms, an authorized representative of the Plaintiff in the above-captioned case, hereby state that I have reviewed the allegations made in the foregoing Verified Complaint and I verify that the statements therein are based on information of which I have personal knowledge or that I have gathered from and confirmed with other agents of Plaintiff. While the language of the pleading is that of counsel, I verify that the averments contained in the foregoing Verified Complaint are true and correct to the best of my knowledge, information and belief.

I understand that this Verification is made subject to the penalties relating to unsworn falsification to authorities, 28 U.S.C. § 1746.

Date: 6/30/2025

BY: *Griffith Chaffee*
—593CF41077124AA...
Griffth Chaffee
Chief Security Officer
BC Technologies Company d/b/a FinalForms