**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BC TECHNOLOGIES COMPANY d/b/a FINALFORMS, | ) ) | CASE NO. 1:25-cv-1361 |
| | ) | JUDGE CHARLES ESQUE FLEMING |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN GATES, *et al.*, | ) | **ORDER GRANTING PRELIMINARY** |
| | ) | **INJUNCTION** |
| Defendants. | ) | |
| | ) | |

Before the Court are Plaintiff BC Technologies Company d/b/a FinalForms's ("FinalForms") motion for a temporary restraining order and preliminary injunction ("TRO Motion") (ECF No. 7) and renewed motion for a temporary restraining order and preliminary injunction ("Renewed TRO Motion") (ECF No. 16), (collectively, "TRO Motions"). For the reasons that follow, the TRO Motions are **DENIED IN PART** and **GRANTED IN PART**.

## I.     PROCEDURAL BACKGROUND

On June 30, 2025, FinalForms filed a Verified Complaint against Defendants Brian Gates, Julia Gilliam, and N.G., the minor child of Gates and Gilliam. (ECF No. 1). The complaint alleges that N.G. hacked into FinalForms's systems, accessed its database, and downloaded highly sensitive personally identifiable information ("PII") for over 400,000 student accounts. (*Id.* at PageID #1–5). FinalForms asserts a single claim for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"). (*Id.* at PageID #6–8).

On August 29, 2025, FinalForms filed the TRO Motion, (ECF No. 7), as well as a memorandum of law in support, (ECF No. 8). FinalForms requested that the Court order Defendants to: (i) deliver all electronic devices and accounts, as well as passwords/passcodes, used

1

by N.G. to access FinalForms's systems or to disseminate the hacked information; (ii) return FinalForms's documents, data, or property; and (iii) no longer use, disclose, or possess any of FinalForms's confidential and private information in any form. (ECF No. 7-1). On November 26, 2025, FinalForms filed the Renewed TRO Motion. (ECF No. 16). This motion alleges that an initial forensic review of N.G.'s cellphone indicated that N.G. continued to possess FinalForms's information and was actively trying to sell that information to third parties. (*Id.* at PageID #168–69). FinalForms modified its request and asked the Court to order the following:

- Defendant N.G. shall immediately cease any and all use of any electronic device, drive, cellphone, laptop, personal computer, internet connection, and means of electronic communication, including ChatGPT, Discord, iMessage, Nicegram, Snapchat, Telegram, Roblox, and TikTok;
- Defendants shall, within 24 hours of entry of this Order, identify and deliver to a forensic vendor retained by FinalForms any and all electronic devices, drives, cellphones, laptops, and personal computers and accounts used by N.G. for any purpose, as well as all passcodes and/or passwords to gain access to such devices and accounts, and any additional device or system that was used to disseminate or access FinalForms's information or on which FinalForms's information was found, to ensure that any and all confidential and private information are retrieved and permanently removed, and for Defendants to pay for the services of such vendor;
- Defendants shall immediately return and deliver to FinalForms all FinalForms documents, data or property, including all copies N.G. has retained since the inception of this lawsuit; and
- Defendants are prohibited from (i) using, disclosing, or selling or attempting to sell to any person or entity FinalForms's confidential and private information and (ii) possessing any original, copies or summaries of FinalForms's confidential and private information in any form, electronic or otherwise.

(ECF No. 16-1).

Notably, Gates (N.G.'s father) and Gilliam (N.G.'s mother) are separated, live at different residences, and are proceeding *pro se*. The Court appointed N.G. pro bono counsel on January 12, 2026. (Order [non-document] dated Jan. 12, 2026).

Gates responded to the TRO Motions by stating that: (i) N.G. has no access to electronic devices while in his custody; (ii) N.G.'s personal phone and laptop were sent to FinalForms this past summer; (iii) the FBI and Columbus Police Department took all other devices in December 2025; (iv) the parents search N.G.'s room weekly and do not allow him to be alone at either residence; and (v) he does not have any information about the allegedly hacked materials. (ECF No. 28). Gilliam responded that: (i) she has prohibited N.G. from accessing any electronic devices or the internet while in her care; (ii) she has coordinated with N.G.'s school to ensure compliance; and (iii) to her knowledge, N.G. and herself have no access to any documents, data systems, or property belonging to FinalForms. (ECF No. 30, PageID #216). N.G., through counsel, filed an opposition to the TRO Motions. (ECF No. 32). On March 26, 2026, FinalForms filed a reply in support of the TRO Motions. (ECF No. 33).

## II.  LEGAL STANDARD

A preliminary injunction is an extraordinary and drastic remedy that is only appropriate where a movant establishes circumstances that clearly demand it. *See Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978) (quoting *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)); *see also James B. Oswald Co. v. Neate*, 98 F.4th 666, 672 (6th Cir. 2024); *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). By preventing that harm and preserving the status quo between the parties, a preliminary injunction protects a court's ability to decide the case on its merits. *Stenberg*, 573 F.2d at 925.

Courts decide whether to take this extraordinary measure by considering four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of

an injunction." *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017). While no one factor carries controlling weight, *Michigan State v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997), the first—whether the movant is likely to succeed on the merits—is generally considered the most important. *Higuchi Int'l Corp. v. Autoliv ASP, Inc.*, 103 F.4th 400, 404 (6th Cir. 2024). If the movant is unlikely to succeed on their claim anyway, a court will not bother enjoining the opposing party. *Id.* Similarly, the second factor—whether the movant would suffer irreparable injury—is considered an "indispensable" requirement for a temporary restraining order or preliminary injunction. *Fischer v. Thomas*, 78 F.4th 864, 868 (6th Cir. 2023); *Ohio v. Becerra*, 87 F.4th 759, 783 (6th Cir. 2023) ("A showing of irreparable harm is an indispensable p[r]er[e]quisite for the issuance of a preliminary injunction."). Ultimately, whether to grant such relief is a matter within the discretion of the district court. *See Certified Restoration*, 511 F.3d at 540–41.

## III. ANALYSIS

### A. Likelihood of Success on the Merits

First, the Court must consider whether FinalForms has demonstrated a strong likelihood of success on the merits of the claim underlying the preliminary injunction. *Certified Restoration*, 511 F.3d at 543. Although FinalForms does not have to prove its case in full at this stage in the proceedings, it must show more than a mere possibility of success. *See Certified Restoration*, 511 F.3d at 543. The CFAA provides a civil remedy for a party who suffers damage by reason of a violation of the Act. 18 U.S.C. § 1030(g). Under the relevant section of the CFAA, there is a cause of action against whoever:

> (A) knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer;

4

(B) intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage; or
(C) intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss.

18 U.S.C. § 1030(a)(5)(A)–(C).

FinalForms argues that there is a strong likelihood of success on the merits because "N.G. confessed to using his parents' computer, mobile device, and Vulkan drive to hack FinalForm's data systems without authorization and with the intent to steal FinalForm's data." (ECF No. 8, PageID #70). FinalForms cites uncontested allegations in the Verified Complaint about how N.G. deliberately, and without authorization, accessed FinalForms's systems using a brute force attack and downloaded the data of thousands of users, which forced FinalForms to launch an investigation and containment effort (qualifying as a loss under the CFAA). (ECF No. 8, PageID #71–72). FinalForms also provides evidence from an initial forensic review of N.G.'s phone where he allegedly discusses the possible sale or dissemination of the data/information obtained from FinalForms. (ECF No. 16, PageID #168). Defendants' respective oppositions do not offer arguments on this factor.

Given the pleadings, the evidence in the record, and the lack of meaningful opposition from Defendants on this issue, the Court finds that FinalForms has a strong likelihood of success on the merits. Thus, the first factor supports granting preliminary injunctive relief.

### B. Irreparable Injury

The second factor that the Court must consider "is whether the plaintiff will suffer irreparable injury without the injunction." *Certified Restoration*, 511 F.3d at 543. "A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Overstreet v. Lexington–Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002). FinalForms argues that it will suffer irreparable harm without a preliminary injunction

because Defendants will continue to have unfettered access to FinalForms's property and the sensitive PII without injunctive relief, which will damage FinalForms's customer relationships, goodwill, and business opportunities. (ECF No. 8, PageID #75–76). Gates and Gilliam do not offer any arguments addressing this factor. N.G. responds that FinalForms will not suffer irreparable harm because he already surrendered all electronic devices which he had access to or used and he does not possess any device that could cause FinalForms irreparable harm. (ECF No. 32, PageID #223–24). N.G. states that the only computer he has access to is a school computer that is monitored and held by his middle school. (*Id.* at PageID #224).

Even if the Court accepts that N.G. has already turned over all electronic devices to FinalForms or law enforcement, given the forensic evidence that he has attempted to contact others to disseminate the sensitive data stolen from FinalForms, there is a still a risk that N.G. could access that data if he were allowed or gained access to certain electronic devices. Thus, the Court finds that FinalForms will suffer irreparable harm if a preliminary injunction is not issued. The second factor supports granting injunctive relief.

### C.    Substantial Harm to Others

Under the third factor, the Court must consider "whether the issuance of the injunction would cause substantial harm to others." *Certified Restoration*, 511 F.3d at 550–51 (quoting *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005)) (internal quotations omitted). More specifically, the Court must assess "whether the preliminary injunction would harm the party enjoined or others, and if so, whether such harm outweighs any irreparable harm established by the party seeking the injunction." *Extracorporeal Alliance, L.L.C. v. Rosteck*, 285 F. Supp. 2d 1028, 1045 (N.D. Ohio 2003). Gates and Gilliam offer no argument as to substantial harm, and N.G. concedes that "no substantial harm would be caused by the issuance of the injunction." (ECF

No. 32, PageID #224). Given the lack of opposition, and in light of the record, the Court finds that there would be no substantial harm to others if a preliminary injunction was issued and that this factor supports granting injunctive relief.

### D. Public Interest

"The final factor to evaluate in deciding upon a motion for preliminary injunction is 'whether the public interest would be served by the issuance of the injunction.'" *Certified Restoration*, 511 F.3d at 551 (citation omitted). FinalForms argues that the public interest strongly favors issuance of a preliminary injunction because it would prevent criminal conduct by enforcing the prohibitions of the CFAA, and allow FinalForms to confirm that Defendants are no longer in possession of third-party PII. (ECF No. 8, PageID #77–78). Gates and Gilliam do not discuss this factor. N.G. argues that the public interest would not be served by issuance of an injunction because N.G. has already handed over all electronic devices so that his "ability to do anything with any information on those devices which would impact the public interest has been vitiated." (ECF No. 32, PageID #224).

As discussed above, even if N.G. has handed over all his electronic devices, there is still a risk that N.G. could still access and disseminate the sensitive PII of school children if he were to gain access to other electronic devices without proper supervision. Thus, the Court finds that the public interest is served by the issuance of a preliminary injunction to help ensure that no further harm comes from the alleged stolen information. The final factor supports granting injunctive relief.

### E. Appropriately Tailored Relief

Having found that all four factors favor the grant of a preliminary injunction, the Court will grant a preliminary injunction against Defendants. That said, the Court must still ensure that this

injunction is narrowly tailored and no more burdensome to Defendants than necessary to provide necessary relief to FinalForms. *See Aluminum Workers Int'l Union Loc. Union No. 215 v. Consol. Aluminum Corp.*, 696 F.2d 437, 446 (6th Cir. 1982) ("Precisely because equitable relief is an extraordinary remedy to be cautiously granted, it follows that the scope of relief should be strictly tailored to accomplish only that which the situation specifically requires and which cannot be attained through legal remedy."); *Perez v. Ohio Bell Tel. Co.*, 655 F. App'x 404, 410 (6th Cir. 2016) ("The prohibition on overbroad or vague injunctions is deeply rooted in equity.").

N.G. raises concerns that the prohibition of all electronic devices is overly broad. (ECF No. 32, PageID #224–25). N.G. states that he has agreed that "he will not access or use any electronic device other than as permitted or required for school purposes" and he would "certainly agree to language prohibiting N.G. from accessing an electronic device which has access to the internet and allows N.G. to have independent control or the ability to issue commands to another electronic device outside any firmware or software application or program, . . ." (*Id.* at PageID #225). The Court agrees with N.G. that the limitation on the use of electronic devices should be tailored to allow use for school purposes, with proper controls and monitoring, and should include only such devices that could allow unfettered and unmonitored access to the alleged stolen information. The Court will therefore use the limitations that N.G. has conceded to in his opposition filing.

N.G. also raises Fifth Amendment issues with an injunction compelling him to produce and disclose any and all passwords, as doing so could lead to a criminal prosecution against N.G. (*Id.*). The Court notes that there appears to be an active criminal investigation against N.G. related to the conduct at issue in this civil action; Defendant apparently has turned over materials and evidence to law enforcement related to the alleged hacking. Even law enforcement officers could

8

not compel N.G. to disclose any and all passwords because he has a right to remain silent.  N.G.'s concerns, therefore, have merit.  In an abundance of caution, the Court will decline to compel Defendants to identify and deliver any electronic devices that may have been retained, as well as all passcodes and passwords to gain access to any relevant electronic devices and accounts.  The Court finds that enjoining both the use of electronic devices with no supervision or controls, which might be able to access the alleged stolen information, as well as the possession and use of that information, is sufficient to protect FinalForms at this time.  If FinalForms can demonstrate that there is no pending criminal investigation against N.G., there are no forthcoming criminal charges against N.G., and there is sufficient evidence to compel the production of passcodes, passwords, and other electronic devices, the Court will revisit the issue at that time.

## IV.    CONCLUSION

For the foregoing reasons, FinalForms's motion for a temporary restraining order and preliminary injunction (ECF No. 7) and renewed motion for a temporary restraining order and preliminary injunction (ECF No. 16) are **GRANTED IN PART** and **DENIED IN PART**.  The Court **ORDERS** the following:

(1) Defendant N.G. shall immediately cease any and all use of any electronic device, including, but not limited to, any drive, cellphone, laptop, or personal computer, which has access to the internet and allows N.G. to have independent control or the ability to issue commands to another electronic device outside any firmware or software application or program; and

(2) Defendants are prohibited from (i) using, disclosing, or selling or attempting to sell to any person or entity FinalForms's confidential and private information and (ii) possessing any original, copies or summaries of FinalForms's confidential and private information in any form, electronic or otherwise.

This Preliminary Injunction shall continue in effect until further Order of the Court.

FinalForms's motion for an expedited hearing (ECF No. 11) is **DENIED AS MOOT**. Having issued the Preliminary Injunction, and in light of the procedural history and recent developments in this case, FinalForms's motion to expedite discovery (ECF No. 9) and motion to preserve electronically stored information (ECF No. 10) are **DENIED WITHOUT PREJUDICE** to refiling.

　　**IT IS SO ORDERED.**

Date: April 1, 2026

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**